PEOPLE *v.* TIMOTHY JACKSON.

PEOPLE *v.* TILLMAN.

Criminal Law—Arrest—Search and Seizure—Armed Robbery.
Arrest of defendants was proper and evidence obtained by request by officers that defendants empty their pockets was admissible as subject of proper search where record disclosed that defendants closely resembled description given police of perpetrators of armed robbery about 3 miles away a few minutes before the arrest (CLS 1961, § 750.529).

Appeal from Macomb; Spier (James E.), J. Submitted Division 2 May 15, 1968, at Detroit. (Docket Nos. 3,411, 3,412.) Decided June 3, 1968.

Timothy Jackson and Andrew Tillman were convicted of robbery armed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, and *Max D. McCulloch,* Assistant Prosecuting Attorney, for the people.

*Norman L. Zemke,* for defendants on appeal.

Per Curiam. An armed robbery* of a gasoline station attendant took place at about 3:30 a.m. at

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

---

References for Points in Headnote
5 Am Jur 2d, Arrest §§ 44, 45; 47 Am Jur, Searches and Seizures § 53.

12 Mile road and Van Dyke in the city of Warren on September 6, 1966. A few minutes thereafter a car carrying 3 persons, 2 of which satisfied the description of the perpetrators of the armed robbery, was stopped by the police at Dodge and Van Dyke, one block south of 9 Mile road.

Defendants raised 3 issues on appeal from their conviction of robbery armed:

(1) Was there probable cause for their arrest?

(2) Was the search and seizure of their automobile while defendants were in custody proper?

(3) Was evidence surrendered by one of the defendants while in custody pursuant to an officer's request to empty his pockets admissible in evidence?

The record discloses that the two men picked up in the automobile and arrested closely resembled the description given to the police of the two men who perpetrated the armed robbery. The fruits of the search of the automobile after arrest while defendants were in custody were not introduced into evidence. The lighter given up by one of the defendants to one of the police officers when requested to empty his pockets was introduced into evidence and was connected to the crime as being owned by the victim of the armed robbery. It was the subject of a proper search.

We find that the arrest was proper and legal. We find no prejudicial error. Affirmed.

T. G. KAVANAGH, P. J., and HOLBROOK and BEER, JJ., concurred.