PEOPLE v. MACK

1. CRIMINAL LAW—LINEUP—CONSTITUTIONAL LAW—DUE PROCESS.

The test for determining if a police lineup procedure was so unfair that it violated a defendant's federal constitutional right to due process is whether, based on the totality of the circumstances, the conduct of that identification procedure was so unnecessarily suggestive of, and so conducive to, irreparable mistaken identification as to deny defendant due process (US Const, Am 14).

2. CRIMINAL LAW—LINEUP—IDENTIFICATION—CONSTITUTIONAL LAW —DUE PROCESS.

Robbery complainant's identification of defendant in a six-man lineup did not deny defendant due process where that lineup occurred a few hours after the robbery, there was no showing that defendant was taller than or dressed differently from, the other lineup participants nor that he was singled out by police as the robber, and complainant not only positively identified defendant as the man who robbed him but also identified the stolen property found on defendant's person (MCLA § 750-.529).

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 January 7, 1970, at Detroit. (Docket No. 4,422.) Decided January 26, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 368.
Physical examination or exhibition of, or tests upon, suspect or accused, as violating rights guaranteed by Federal Constitution. 16 L Ed 2d 1332.
Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.
46 Am Jur, Robbery §§ 50–54.

Jerry Mack was convicted by a jury of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. Defendant was convicted by a jury and sentenced for armed robbery, MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797). On appeal, defendant contends that the police lineup procedure was so unfair that it violated his right to due process under US Const, Am 14.

The test for the resolution of this contention as announced in *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199) and reiterated in *Foster* v. *California* (1969), 394 US 440 (89 S Ct 1127, 22 L Ed 2d 402), is whether, based on the totality of the circumstances, the conduct of identification procedures is so unnecessarily suggestive and conducive to irreparable mistaken identification as to be a denial of due process of law.

Complainant was a bus driver who was robbed by two men, one of whom held a gun on complainant. The lineup under attack occurred a few hours after the crime. Prior to viewing the lineup, complainant was told that two men had been picked up, and that one of them had a roll of coins in his possession when picked up. Additionally, defendant and the robber each had a facial scar.

The lineup consisted of six men. There is no showing that defendant was taller than or dressed differently from the others, nor that defendant was singled out as "the man". Complainant positively identified defendant as the robber with the gun. Complainant did not identify the second robber as being in the lineup. When defendant was arrested, he had in his possession a roll of coins marked "8366, D. S. R. Railway", which complainant identified as being taken from him.

On the totality of the circumstances, we are not persuaded that this lineup was so unnecessarily suggestive and conducive to irreparable mistaken identification as to deny defendant due process of law. *Foster* v. *California, supra,* on which defendant relies, is so factually different from the case before us that it is not controlling.

Affirmed.