## PEOPLE v HORTON

Docket No. 78-5093. Submitted April 9, 1980, at Detroit.—Decided June 4, 1980.

Raymond L. Horton was convicted of unarmed robbery, Recorder's Court of Detroit, George W. Crockett, III, J. Defendant appeals, alleging several errors. *Held:*

1. Defendant's allegation that the police had no probable cause to arrest him without a warrant is meritless. Defendant was arrested while engaging in activities similar to those involved in previous robberies in the same area. This, combined with the fact that the defendant resembled the description given by previous victims, constituted probable cause for the police to arrest the defendant.

2. The lineup at which the defendant was identified was not unduly suggestive. A scar on defendant's face was not so significant as to preclude identification based on other physical characteristics, and counsel present at the lineup testified that the procedure followed was fair.

3. Testimony of a previous victim was properly admitted to

_____

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 22, 24, 25, 32.

[2] 5 Am Jur 2d, Appeal and Error § 791.

[2-4] 21 Am Jur 2d, Criminal Law § 368.

29 Am Jur 2d, Evidence § 371.4.

Physical examination or exhibition of, or text upon, suspect or accued, as violating rights guaranteed by federal Constitution—federal cases. 16 L Ed 2d 1332.

[5] 29 Am Jur 2d, Evidence § 320 *et seq.*

[6] 29 Am Jur 2d, Evidence § 326.

[7] 29 Am Jur 2d, Evidence §§ 253, 260.

[8] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.*, 602.

[9] 29 Am Jur 2d, Evidence § 372.

[10] 29 Am Jur 2d, Evidence §§ 367 *et seq.*, 494.

30 Am Jur 2d, Evidence § 1103.

[11] 21 Am Jur 2d, Criminal Law §§ 313, 319.

Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.

[12] 21 Am Jur 2d, Criminal Law § 314.5.

29 Am Jur 2d, Evidence § 371.4.

show defendant's scheme, plan or system. The trial court was not required to expressly balance on the record the probative value of this testimony against its prejudicial effect.

4. Prior consistent statements of certain of the witnesses, pertaining to the identification of the defendant, were properly admitted into evidence.

5. The presence of counsel was not required at the defendant's arraignment.

6. The appointment of counsel to observe lineups, in order to curtail suggestiveness, without representing particular clients, is proper.

7. There was no error in the prosecution's statements to the jury on voir dire.

8. The trial court properly recognized an error in the presentence report and did not rely upon the erroneous information when sentencing the defendant.

Affirmed.

1. ARREST — WARRANT REQUIREMENT — REASONABLE BELIEF.

An arrest warrant is not required for a valid arrest where a police officer has reasonable cause to believe that there has been a felony committed and that the person arrested committed it; such reasonable belief may be founded upon information supplied from a reliable citizen source, including a description given to police by a complainant.

2. CRIMINAL LAW — LINEUPS — STANDARD OF REVIEW.

A defendant is entitled to an evidentiary hearing where the defendant claims that a lineup was constitutionally improper; the standard of review of the lineup is that the identification procedure followed must not have been so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law.

3. CRIMINAL LAW — LINEUPS — PHYSICAL CHARACTERISTICS.

The presence of a scar on a defendant's face is not enough to invalidate a lineup identification where the scar alone was not so significant as to preclude identification based upon other physical characteristics.

4. CRIMINAL LAW — LINEUPS — SUGGESTIVENESS — BURDEN OF PROOF.

A defendant has the burden of factually supporting his claim that a lineup was impermissibly suggestive where counsel was present at the lineup.

5. Criminal Law — Evidence — Prior Similar Acts.

Evidence of a defendant's prior similar act is admissible where it is probative of one or more of the statutorily specified purposes for admitting such evidence and one or more of those purposes is material to the case.

6. Criminal Law — Evidence — Prior Similar Acts.

Evidence of a defendant's similar acts may be admissible to show a common scheme or plan where there is proof that (1) the manner in which the criminal act with which the defendant is charged was performed bore certain distinguishing, peculiar or special characteristics, (2) the specific similar acts, performed contemporaneously with, prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics, (3) the similar acts were performed by the defendant, and (4) accordingly, the act in question was performed by the defendant.

7. Criminal Law — Evidence — Judge's Discretion — Rules of Evidence.

Any evidence may be excluded where its prejudicial effect outweighs its probative value; however, it is not necessary that a trial court expressly balance on the record the probative value of evidence of a defendant's prior similar act against the prejudicial effect of such evidence (MRE 403).

8. Criminal Law — Appeal — Failure to Object.

Failure of a defendant to object at trial to the admission into evidence of prior consistent statements of certain witnesses precludes appellate review of the admissibility of that evidence.

9. Criminal Law — Evidence — Witnesses — Prior Consistent Statements — Hearsay — Rules of Evidence.

Evidence of a witness's prior statement of identification of a defendant is not hearsay (MRE 801[d][1]).

10. Criminal Law — Evidence — Police Officers — Prior Consistent Statements — Identification.

Generally, the prior consistent statement of a police officer relating to the identification and description of a defendant is not admissible into evidence; however, admission of such evidence was not error where no objection was made and where the defense relied on the admission of the evidence in presenting its theory of the case and in conducting its trial strategy.

11. CRIMINAL LAW — ARRAIGNMENT ON WARRANT — CRITICAL STAGE
    OF PROCEEDINGS.
    Arraignment on a warrant is not a critical stage of a criminal
    prosecution requiring the presence of counsel.

12. CRIMINAL LAW — LINEUPS — APPOINTED COUNSEL.
    The appointment of counsel to observe lineups for suggestiveness,
    without representing particular clients, is permissible.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Gary Dettloff,* Assistant Prosecuting Attorney, for the people.

*Edwin R. Leonard,* for defendant on appeal.

Before: DANHOF, C.J., and CYNAR and MAC-KENZIE, JJ.

PER CURIAM. Defendant was convicted by a jury of unarmed robbery, contrary to MCL 750.530; MSA 28.798. He was sentenced to a term of 10 to 15 years and appeals as of right.

The complainant, Thomas Kittrell, testified that he left work at the Blue Cross-Blue Shield building in downtown Detroit early in the evening of March 23, 1978. He had parked his van in a nearby parking structure. After Kittrell stopped for a red light on an adjacent street, defendant, who had been concealed in the rear of the van, moved forward and accosted Kittrell, forcing him to drive to another location where defendant robbed him of various articles of clothing and personal effects. Defendant subsequently made good his escape on foot. Kittrell reported the incident to the police and provided a description of the robber.

A number of robberies with a similar *modus operandi,* perpetrated by an individual with a

similar description, caused the police to establilsh a surveillance of the area around the Blue Cross-Blue Shield building. On March 29, 1978, defendant, who bore a strong resemblance to the description, was seen by police officers approaching a man in the vicinity where the surveillance was being conducted, apparently to accost the other individual. Together they drove to a location near where the previous robberies had been perpetrated. Suspecting that a felony was in progress and fearing for the safety of the driver of the vehicle, the police apprehended defendant. Later that same day, defendant was identified in a lineup by Thomas Kittrell as the man who robbed him. David Hall, a prior victim, also identified defendant in the lineup.

Defendant's first assignment of error involves the trial court's denial of a motion to dismiss the proceedings because of his arrest. Defendant alleges that the arrest was invalid because no probable cause existed to justify a warrantless arrest. Defendant also alleges that all subsequent proceedings are thereby void.

In *People v Tebedo,* 81 Mich App 535; 265 NW2d 406 (1978), we held that an arrest warrant is not required for a valid arrest when an officer has reasonable cause to believe that there has been a felony committed and reasonable cause to believe that the person arrested committed it. The officer's reasonable belief must be based on what he observes or what he learns from a reliable source. Information supplied from a reliable citizen source is enough to found a reasonable belief, *People v Herrera,* 19 Mich App 216; 172 NW2d 529 (1969). Such a belief may be founded upon a description related to police officers by a complainant, *People v Timothy Jackson,* 11 Mich App 630; 162 NW2d 114 (1968).

In the case at bar, the police officers arrested
defendant while he was engaged in activity that
was strikingly similar to the *modus operandi* of
previous robberies. The arresting officers knew
that previous felonies had been committed and
based upon the information obtained from various
complainants had reasonable cause to believe that
defendant had probably perpetrated them. Defen-
dant's warrantless arrest was valid and the trial
court did not err in denying the defendant's mo-
tion to dismiss.

Defendant's second allegation of error involves
the trial court's denial of a motion to suppress a
lineup identification as impermissibly suggestive
and as a violation of his constitutional rights. He
alleges that the lineup was unduly suggestive
because of age and height differences between
defendant and the other participants. Defendant
also alleges that he was forced to remain in one
position throughout the lineup procedure and that
the police officials conducting the lineup pointed
defendant out to the viewing complainants.

In *People v Wiejecha,* 14 Mich App 486; 165
NW2d 642 (1968), we held that a defendant is
entitled to an evidentiary hearing where the ad-
missibility of evidence is challenged on constitu-
tional grounds. In *People v Piscunere,* 26 Mich
App 52; 181 NW2d 782 (1970), we extended this
rule to a defendant's claim of a constitutionally
improper lineup. See also *People v Reynolds,* 93
Mich App 516; 286 NW2d 898 (1979).

The standard of review in such an evidentiary
hearing requires that the identification procedure
followed must not be so unnecessarily suggestive
and conducive to irreparable mistaken identifica-
tion that defendant is denied due process of law,
*Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L

Ed 2d 1199 (1967). The trial court must look at the totality of circumstances surrounding the lineup identification procedure. *Foster v California,* 394 US 440; 89 S Ct 1127; 22 L Ed 2d 402 (1969). An examination of the record in the instant case reveals that the lineup procedure and composition thereof were free of any taint or suggestion. The physical characteristics of the participants involved in the lineup were not so unduly suggestive as to prejudice defendant.

Defendant alleges that a mole-type scar on his right cheek precluded the selection of any of the other lineup participants and that lack of precautions to cover such scar was error.

In *People v Mack,* 21 Mich App 96; 174 NW2d 857 (1970), we found in an analogous situation that presence of a scar was not enough to vitiate the lineup identification procedure. See *People v Lloyd,* 5 Mich App 717; 147 NW2d 740 (1967). Defendant's scar alone was not so significant as to preclude identification based upon other physical characteristics.

In *People v Rivard,* 59 Mich App 530; 230 NW2d 6 (1975), we held that the burden rests with the defendant to factually support a claim that the lineup was impermissibly suggestive, when counsel is present. The record of the case at bar indicates that counsel was present throughout the lineup procedure and identification process. Testimony relating to defendant's allegations of suggestions promoted by police and inability to move to other positions in the lineup was specifically refuted by testimony of counsel, the police officials conducting the lineup, and the victims viewing the lineup. Counsel present at the lineup indicated that the procedure was fair and complied with the mandate of *United States v Wade,* 388 US 218; 87 S Ct

1926; 18 L Ed 2d 1149 (1967). We find no merit in defendant's allegation, and hold that the trial court's findings were proper.

Defendant's third allegation of error involves the exercise of the trial court's discretion in allowing into evidence the testimony of a similar-act witness, David Hall.

The people offered the evidence of a prior similar act for the purpose of identifying defendant as the perpetrator of the charged offense via the "signature" of a common scheme or plan. In the prior act, defendant accosted David Hall as he was getting into his car after work (at 5:45 p.m.) in a parking lot close to the Blue Cross-Blue Shield parking structure. Defendant climbed into the back seat and ordered Hall to drive (for approximately 15 minutes) to a distant area where he was ordered to take off his jacket and was robbed.

On March 23, 1978, Kittrell left work at Blue Cross at about 7:30 p.m., drove his van out of the Blue Cross-Blue Shield parking structure when defendant moved from the back of the van, placed a purported weapon to his head, and ordered him to drive to the same distant area where Kittrell was ordered to disrobe. He was then robbed.

The Michigan Supreme Court has recently clarified the circumstances under which similar-act evidence is admissible. *People v Major,* 407 Mich 394; 285 NW2d 660 (1979). First, it must be probative of one or more of the statutorily specified purposes, and one or more of those purposes must be material, that is, a proposition "in issue" in the case. 407 Mich 394, 400. Then, there should be direct proof of three propositions from which a fourth is inferable: 1) that the manner in which the criminal act in question or some significant aspect of it was performed bore certain distinguishing, pecu-

liar or special characteristics; 2) that certain specific similar acts, performed contemporaneously with or prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics; 3) that the similar acts were performed by the defendant; and 4) that, accordingly, the crime in question was committed by the defendant. 407 Mich 394, 398.

We believe the similar-act evidence in the present case meets the admissibility requirements of *Major, supra.* First, it is probative of one of the statutorily specified purposes, *i.e.,* scheme, plan or system. Scheme, plan or system is material in this case because defendant has placed his identity as the perpetrator of the alleged robbery in issue. Identity clearly may be proved by the use of similar-act evidence. *People v Oliphant,* 399 Mich 472, 489; 250 NW2d 443 (1976). Second, the present evidence meets the three-proposition test because there are distinctive characteristics common to the acts which constitute a "signature" identifying defendant as the perpetrator.

We hold that the trial court did not err in admitting this evidence. We reject defendant's claim that the trial court must specifically balance the probative value of the evidence against its prejudicial effect on the record. It is well known to trial courts that any evidence *may* be excluded when its prejudicial effect outweighs its probative value. MRE 403. However, the Michigan Supreme Court has never expressly required such an exercise of discretion on the record when evidence of a prior similar act is sought to be admitted. We conclude that the trial court's exercise of discretion was sufficient. Further, from our review of the record, we believe the probative value of the evidence is not substantially outweighed by any tendency to unduly prejudice defendant.

Defendant's fourth allegation of error involves the admission into evidence of prior consistent statements of Thomas Kittrell, David Hall, and police officers. Defendant alleges that such statements were hearsay and error resulted from their admission.

Defendant has not preserved this issue for appeal because of the failure to object in the trial court below, *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958), and *People v Ferrazza,* 18 Mich App 680; 171 NW2d 658 (1969). Moreover, in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), the Supreme Court held in interpreting MRE 801(d)(1) that evidence of a witness's prior statement of identification is not hearsay. We find no error in the admission of such prior consistent statements of Thomas Kittrell and David Hall.

It is generally held that the prior consistent statements of police officers are admissible only in limited circumstances. Such statements may be used to show the circumstances surrounding the identification procedure in an investigative process and are admissible in the sound discretion of the trial court, *People v Sanford, supra.* Furthermore, prior consistent statements of police officers relating to identification and description are not admissible, because they tend to bolster previous testimony of eyewitnesses. As such, there is a recognition of an inherent danger in their admission, *People v Sanford, supra.*

Therefore, normally the admission of such prior consistent statements would be prejudicial. However, in the case at bar we believe there was no error because no objection was made to the admission of such evidence and the defense relied on the admission of such evidence in presenting its theory of the case to the jury and in conducting its trial strategy.

Defendant's fifth allegation of error involves the absence of counsel when defendant was arraigned. Defendant alleges that such a proceeding is a critical stage in the criminal prosecution. Defendant also alleges that he was deprived of the opportunity of consulting with counsel at the lineup identification and that such deprivation constituted a denial of effective assistance of counsel.

In *People v Killebrew,* 16 Mich App 624; 168 NW2d 423 (1969), we held that the arraignment on the warrant was not a critical stage in the criminal prosecution and therefore the presence of counsel is not required pursuant to *Gilbert v California,* 388 US 263; 87 S Ct 1951; 18 L Ed 2d 1178 (1967). In *People v Szymanski,* 52 Mich App 605; 218 NW2d 95 (1974), we held that the fact that defendant was represented by appointed counsel does not vitiate the lineup. The procedure whereby counsel is appointed to observe lineups for suggestiveness, but without representing particular clients, has been approved in *United States v Randolph,* 145 US App DC 314; 443 F2d 729 (1970).

Testimony of counsel in the instant case indicates that the lineup identification procedure was fair and therefore we find no merit to defendant's allegation.

Defendant's sixth allegation of error involves the prosecution's statements at the jury voir dire. Defendant alleges that the prosecution appealed to the jury to go outside the evidence to convict him. The record does not indicate that the inquiry complained of denied defendant a fair trial.

Defendant's final allegation of error involves the discretion of the trial judge in sentencing defendant. Defendant alleges that the trial judge relied

upon inaccurate information contained in the presentence probation report. An examination of the record indicates that the trial court recognized the error contained in the presentence report and did not improperly rely thereon in sentencing defendant. See *People v Hildabridle,* 45 Mich App 93; 206 NW2d 216 (1973).

Affirmed.