PEOPLE v HUMBLE

Docket No. 50819. Submitted December 11, 1980, at Lansing.—Decided August 19, 1981.

Jesse Humble was convicted of third-degree criminal sexual conduct, Detroit Recorder's Court, Craig S. Strong, J. He appeals, alleging that the trial court erred in admitting certain similar acts evidence. *Held:*

The trial court properly admitted evidence of defendant's prior similar acts. The evidence was probative of establishing proof of defendant's scheme, plan, or system in doing the act, and identity, and there were distinctive characteristics common to the prior acts and the crimes charged which constituted a signature identifying the defendant as the perpetrator. In addition, the probative value of the evidence in establishing the identity of the perpetrator of the crimes outweighed its prejudicial effect.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS EVIDENCE — APPEAL.

Evidence of a defendant's similar acts may be admissible to show a common scheme or plan where there is proof that (1) the manner in which the criminal act with which the defendant is charged was performed bore certain distinguishing, peculiar, or special characteristics, (2) the specific similar acts, performed contemporaneously with, prior to, or subsequent to the act in question, bore the same distinguishing, peculiar, or special characteristics, (3) the similar acts were performed by the defendant, and (4) accordingly, the act in question was performed by the defendant, and the admission of evidence of such similar acts will not be reversed on appeal absent an abuse of discretion by the trial court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 326.

Admissibility, under Rule 404(b) of the Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts similar to offense charged to show preparation or plan. 47 ALR Fed 781.

[2] 29 Am Jur 2d, Evidence § 320 *et seq.*

2. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS EVIDENCE — RULES OF
     EVIDENCE.

    Evidence of a defendant's prior similar acts is admissible where it
     is probative of one or more of the purposes specified by a rule
     of evidence as necessary for the admission of such evidence and
     one or more of those purposes is material to the case (MRE
     404[b]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *David G. Edick,* As-
sistant Prosecuting Attorney, for the people.

*Roman S. Karwowski,* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and C. L.
BOSMAN,* JJ.

PER CURIAM. Defendant was charged with first-
degree criminal sexual conduct, MCL 750.520b(1);
MSA 28.788(2)(1), and possession of a firearm dur-
ing the commission of a felony, MCL 750.227b;
MSA 28.424(2). A Recorder's Court jury found him
guilty of third-degree criminal sexual conduct,
MCL 750.520d; MSA 28.788(4), and not guilty of
felony-firearm. He was sentenced to a term of from
10 to 15 years in prison and appeals as of right.

Defendant's sole issue raised on appeal chal-
lenges the admission of the testimony of two prose-
cution witnesses, Joyce Wilkins and Amelia Robin-
son, who testified concerning sexual attacks that
the defendant allegedly had made on them prior to
the date of the criminal sexual conduct with which
defendant is charged in this case.

The admission of similar acts evidence will not
be reversed on appeal unless the trial court has
abused its discretion. *People v Hayward,* 98 Mich

* Circuit judge, sitting on the Court of Appeals by assignment.

App 332; 296 NW2d 250 (1980). Similar acts evidence is admissible under the following circumstances:

"First, it must be probative of one or more of the statutorily specified purposes, and one or more of those purposes must be material, that is, a proposition 'in issue' in the case. *[People v Major,]* 407 Mich 394, 400 [(1979)]. Then, there should be direct proof of three propositions from which a fourth is inferable: 1) that the manner in which the criminal act in question or some significant aspect of it was performed bore certain distinguishing, peculiar or special characteristics; 2) that certain specific similar acts, performed contemporaneously with or prior to or subsequently to the act in question, bore the same distinguishing, peculiar or special characteristics; 3) that the similar acts were performed by the defendant; and 4) that, accordingly, the crime in question was committed by the defendant. 407 Mich 394, 398." *People v Horton,* 98 Mich App 62, 69-70; 296 NW2d 184 (1980).

The evidence in this case clearly satisfies these tests. First, it is probative of the purposes specified in MRE 404(b), *i.e.,* proof of a scheme, plan, or system in doing an act, or identity. During trial, defendant placed his identity as the perpetrator of the alleged crime in issue. The evidence also meets the three-proposition test because "there are distinctive characteristics common to the acts which constitute a 'signature' identifying the defendant as the perpetrator". *Id.,* 70. The acts to which the two witnesses testified shared distinctive elements with the act against the complainant with which the defendant is charged. Each of the women was young and was accosted by a man with a gun in the same area of town in the early morning hours. Each was taken through an alley and into the back door of the same vacant house on Joseph

Campau Street and upstairs into an empty room. The defendant had each of the women stand facing the wall and then made them lie down on something that he had placed on the floor to have sexual intercourse. Two of the women testified that he covered their eyes with a scarf or a hat and that after the sexual act he asked them whether they wanted to go downstairs first or whether he should go first. Each of the women was threatened that if she screamed he would hurt her. We hold that the trial court did not err in admitting this evidence. We reject defendant's claim that the evidence was more prejudicial than probative. Its probative value in establishing the identity of the defendant as the perpetrator of the crimes outweighed its potential prejudicial effect on the defendant.

Affirmed.