PEOPLE v HAISHA

Docket No. 52937. Submitted June 17, 1981, at Lansing.—Decided
    October 26, 1981.

Mouaffak S. Haisha was convicted of armed robbery and posses-
    sion of a firearm during the commission of a felony, Oakland
    Circuit Court, George LaPlata, J. He appeals. *Held:*

1. The trial court properly permitted the prosecution to
introduce testimony to impeach the credibility of an alibi
witness and did not admit the testimony for the purpose of
rebutting the defendant's alibi.

2. Testimony by a prosecution witness regarding a suspect
who had a record of a prior arrest did not constitute error
requiring reversal. The record reveals that the testimony was
not in response to a question calculated by the prosecutor to
elicit inadmissible evidence, the trial court gave a cautionary
instruction, no attempt was made by the prosecutor to capital-
ize on the testimony, and the suspect was not identified as the
defendant.

3. The prosecutor's misstatement of certain testimony during
closing argument did not constitute error requiring reversal.
The record reveals that following the statement the trial court
gave a cautionary instruction upon the defendant's objection
and no miscarriage of justice occurred.

4. The trial court was not required to instruct the jury, *sua
sponte,* that the information charging the defendant did not
constitute evidence absent a request for the instruction.

5. The record reveals that the trial court properly determined
that a lineup identification of the defendant was not suggestive.

6. The issue of the trial court's failure to give certain prelimi-
nary jury instructions was not preserved for appeal.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses §§ 4, 659.
[2] 75 Am Jur 2d, Trial §§ 687–690.
[3] 75 Am Jur 2d, Trial §§ 258, 259, 317.
[4, 7] 75 Am Jur 2d, Trial §§ 575, 577, 578.
[5, 6] 29 Am Jur 2d, Evidence §§ 371 *et seq.,* 1143.
[7] 5 Am Jur 2d, Appeal and Error §§ 726, 810.

1. WITNESSES — IMPEACHMENT — REBUTTAL WITNESSES.

Testimony by a prosecution witness which is used to impeach the credibility of an alibi witness and not to rebut the defendant's alibi defense may be admitted during trial, and the defendant is not entitled to notice of such witness (MCL 768.20; MSA 28.1043).

2. WITNESSES — CRIMINAL LAW.

A response by a police prosecution witness which alludes to a prior arrest of a suspect who was being sought by the witness does not constitute error requiring reversal where the prosecutor's question is not calculated to elicit inadmissible evidence, the court gives a cautionary instruction, no attempt is made by the prosecutor to capitalize on the response, and the suspect referred to is not identified as the defendant.

3. PROSECUTING ATTORNEYS — CLOSING ARGUMENTS — MISSTATEMENT OF EVIDENCE.

An inadvertent misstatement of a witness's previous testimony by a prosecutor during closing argument does not constitute error requiring reversal where, following the remarks, the jury is reminded of the actual testimony by the objection of the defense counsel, the trial court immediately gives a cautionary instruction, and no miscarriage of justice occurs because of the remark.

4. TRIAL — JURY INSTRUCTIONS.

A trial court need not instruct a jury, *sua sponte,* on a point of law absent a request for such instruction.

5. PRETRIAL PROCEDURE — IDENTIFICATION PROCEDURES — DUE PROCESS.

Identification procedures which are unnecessarily suggestive and conducive to irreparable mistaken identification constitute a denial of due process.

6. PRETRIAL PROCEDURE — IDENTIFICATION PROCEDURES — SUPPRESSION OF EVIDENCE.

A trial court, upon a motion by a criminal defendant challenging pretrial identification procedures, must look to the circumstances surrounding the procedures, and where the defendant was represented by counsel at the identification the defendant has the burden to support his claim that the procedure was impermissibly suggestive.

7. APPEAL — JURY INSTRUCTIONS — PRESERVING QUESTION.

The issue of a trial court's failure to give certain preliminary

instructions to a jury may not be raised on appeal where the record reveals that the instructions were not requested and no objection to the failure was raised in the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Geoffrey H. Nickol,* Assistant Prosecuting Attorney, for the people.

*Lippitt, Harrison, Perlove, Friedman, Zack & Whitefield* (by *Norman L. Lippitt* and *Steven B. Sinkoff),* for defendant on appeal.

Before: T. M. Burns, P.J., and D. E. Holbrook, Jr., and K. B. Glaser,* JJ.

Per Curiam. Defendant appeals as of right a May 8, 1980, jury verdict convicting him of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On June 20, 1980, defendant was sentenced to a term of from 4 to 20 years imprisonment for the armed robbery conviction and was given the mandatory two-year term of imprisonment for the felony-firearm conviction.

Defendant's convictions arose out of a June 10, 1979, incident in which a party store in Madison Heights was robbed of $1,200. The evidence implicating defendant in this crime consisted, in part, of the testimony of the three store employees who were working at the time of the robbery and who identified defendant during trial and of evidence establishing that defendant had access to an automobile that fit the description of the getaway vehicle.

Defendant offered an alibi defense during trial.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

He also presented the testimony of several acquaintances to the effect that Eddie Salmu, an acquaintance of both defendant and the witnesses, stated on several occasions that he was the perpetrator of the armed robbery.

Defendant raises six issues in this appeal, none of which require reversal.

The first issue raised by defendant concerns whether the trial judge erred in permitting the prosecutor to introduce rebuttal testimony which impeached the credibility of an alibi witness where the prosecutor had not given notice under the provisions of MCL 768.20; MSA 28.1043 that he intended to call this rebuttal witness.

Prior to trial, defendant filed a notice of alibi as is required by MCL 768.20; MSA 28.1043. During trial, defendant's 10-year-old brother and his sister testified that he was at home with them on the evening of the crime. Specifically, the sister testified that she got out of work at 6 p.m. on the date in question and that she went straight home, arriving at approximately 6:20 p.m. Upon arriving home, she cooked supper for defendant and her 10-year-old brother and, after they had eaten, they remained at home.

Following the close of the defense, the prosecutor requested permission to present the rebuttal testimony of a detective who had interviewed defendant's sister prior to trial. This witness was permitted to testify that defendant's sister had told him that she and her parents were away from home on the evening of the crime.

Defendant argues that the trial judge erred in permitting the prosecutor to introduce this rebuttal testimony because the prosecutor had failed to file and serve upon defendant a notice of rebuttal containing the names of the witnesses whom the

prosecutor proposed to call to controvert defendant's defense of alibi. MCL 768.20; MSA 28.1043.

We are convinced that the trial judge properly exercised his discretion in this matter. The testimony presented by the prosecutor on rebuttal was not used to rebut defendant's alibi but to impeach his sister's credibility. Therefore, it was proper under the holding of this Court in *People v Gillman,* 66 Mich App 419; 239 NW2d 396 (1976). The fact that the witness may have made some statements on rebuttal that were inconsistent with his testimony in the prosecutor's case in chief is not a sufficient reason to hold that *Gillman* does not apply in this case. Defense counsel was given, and took advantage of, an opportunity to cross-examine the rebuttal witness at length so as to clear up any confusion created by the alleged inconsistencies.

Defendant next claims that error requiring reversal occurred when a police officer's unresponsive answer to a question by the prosecutor alluded to the fact that the person for whom they were searching was a suspect who "was once arrested before".

After this unresponsive answer had been elicited, the prosecutor discontinued the questioning of the witness and a bench conference was held. The judge instructed the jury that the reference made by this witness to an arrest had nothing to do with the instant case and was not to be considered by them.

There is no question but that this testimony was improper if the "suspect" referred to was the defendant. *People v McCarver (On Remand),* 87 Mich App 12; 273 NW2d 570 (1978), *People v McCartney,* 46 Mich App 691; 208 NW2d 547 (1973). However, the unresponsive testimony in this case appears not to have come from a question

calculated by the prosecutor to elicit inadmissible evidence. The trial judge instructed the jury that the witness's reference to a prior arrest had nothing to do with this case, and we note that the "suspect" referred to was not identified as the defendant. Finally, after this allegedly improper evidence came to light, the prosecutor made no attempt to capitalize on it and, in fact, immediately discontinued the questioning of this witness. Under these facts, we find that no error requiring reversal was committed.

Nor do we find that error requiring reversal occurred when the prosecutor misstated certain evidence during his closing argument to the jury. While it is true that defendant's former girlfriend did not tell a police detective that defendant committed the crime, she did say that the robber's description fit that of defendant and that he probably had access to her automobile, the getaway car.

Following the prosecutor's argument, the jury was reminded of the actual testimony by defense counsel's objection, and, in addition, the trial judge immediately gave the jury an instruction that they should be the factfinders as to what the detective actually said. Therefore, no miscarriage of justice occurred due to the prosecutor's remarks.

Defendant next argues that error occurred when the trial judge did not instruct the jury, *sua sponte,* that the information setting forth the crime was not evidence. It is our opinion, however, that no error has occurred. A trial judge is not required to instruct the jury on a point of law unless such an instruction has been requested by the defendant. *People v Hanna,* 85 Mich App 516; 271 NW2d 299 (1978), *People v Frederick Lester,* 78 Mich App 21; 259 NW2d 370 (1977).

Our review of the record indicates that the trial

judge advised the prospective jury panel of the presumption of innocence prior to voir dire. Further, the trial judge and the prosecutor both emphasized that the information related only to an offense that was charged or was alleged to have occurred. Although the trial judge did not specifically instruct the jury as to the purpose of the information, defendant did not object to the judge's reading of the information, nor did defendant request an instruction regarding it. Because we fail to perceive that defendant was prejudiced by the trial judge's failure, *sua sponte,* to instruct the jury that the information was not evidence against the defendant, we conclude that no error requiring reversal has resulted.

Subsequent to his arrest, defendant was identified at a lineup by the three store employees who were present at the robbery. Defendant was represented by counsel at the lineup, and no objection was made that the lineup was suggestive or otherwise unfair. In fact, defendant's attorney agreed that it was a good lineup.

Defendant is of Arabic extraction. No other Arabic persons were placed in the lineup although the characteristics of the other participants, such as height, weight, hair color and length, eye color, and facial hair, were similar to defendant's.

Prior to trial, a suppression hearing was held at which defendant argued that the absence of any Arabic persons in the lineup caused it to be so impermissibly suggestive as to lead to an irreparable misidentification, violative of due process. The judge ruled that the lineup was fair and denied defendant's motion to suppress.

Identification procedures which are unnecessarily suggestive and conducive to irreparable mistaken identification deny a criminal defendant due

process of law. *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). In ruling on a motion to suppress evidence of an identification, a trial judge must look at the entire circumstances surrounding the identification procedure. *People v Horton,* 98 Mich App 62; 296 NW2d 184 (1980). Further, where a criminal defendant is represented by counsel at a lineup, the burden rests upon the defendant to factually support his claim that the lineup was impermissibly suggestive. *People v Rivard,* 59 Mich App 530; 230 NW2d 6 (1975).

In the instant case, the three identification witnesses had between three and five minutes to view the burglar during the commission of the crime. The perpetrator was face-to-face with one of the witnesses and stood within a few feet of the other two witnesses. Each of the witnesses gave substantially the same description of the criminal, and only three days lapsed between the date of the crime and the lineup. All three witnesses individually picked out defendant, and each demonstrated a high degree of certainty that defendant was the person who robbed the store.

We have viewed a picture of the lineup, and we agree with the trial judge that defendant's characteristics did not set him apart from the other participants so as to amount to undue suggestion. Therefore, under the totality of the circumstances of this case, we find the trial judge's ruling in this matter not to be clearly erroneous.

Defendant also complains that error occurred when the trial judge failed to give certain preliminary instructions to the jury. However, the record establishes that defendant neither requested preliminary instructions nor objected to the lack of them. Thus, this argument has not been preserved for appeal. *People v Barker,* 97 Mich App 253; 293 NW2d 787 (1980).

We have considered each of the issues raised by defendant in this appeal and have found that none of them require reversal. Therefore, defendant's May 8, 1980, jury convictions of armed robbery and possession of a firearm during the commission of a felony are affirmed.

Affirmed.