PEOPLE v KHABAR

Docket No. 62699. Submitted February 3, 1983, at Detroit.—Decided
     April 26, 1983.

   Defendant, Ali Khabar, was convicted in the Detroit Recorder's
   Court of armed robbery. The trial court, Joseph A. Gillis, J.,
   sentenced defendant to 10 to 30 years imprisonment. Defendant
   appeals alleging several errors. *Held:*

     1. The trial court did not err in denying defendant's motion
   to suppress impeachment evidence of his prior conviction of
   assault with intent to commit armed robbery. The court articu-
   lated on the record the factors considered in making its deter-
   mination. The trial court did not abuse its discretion in con-
   cluding that the probative value of the evidence would out-
   weigh its prejudicial effect.

     2. Defendant's claim that the similarity between the prior
   offense and the charged offense mandated exclusion of the
   evidence is without merit. Similarity is but one of the factors
   relevant to the determination of the admissibility of such
   evidence.

     3. Defendant waived appellate review by failing to object to
   the admission of alibi rebuttal evidence on the ground that it
   was used to contradict the testimony of defendant's alibi wit-
   ness and by failing to object to the prosecutor's failure to file
   the statutorily prescribed notice of alibi rebuttal witnesses. In
   any event, the rebuttal testimony was offered to impeach
   defendant's alibi witness, not to contradict the actual alibi
   testimony given, therefore, admission of the testimony was not
   prohibited by the statute regarding notice of rebuttal.

     4. The prosecutor's closing comments on defendant's failure

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 329.
   81 Am Jur 2d, Witnesses §§ 525, 582.
[3, 6] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[3] 29 Am Jur 2d, Evidence § 440.
[4] 29 Am Jur 2d, Evidence §§ 250, 269.
[5] 75 Am Jur 2d, Trial § 192.
[6] Admissibility of evidence as to extrajudicial or pretrial identifica-
   tion of accused. 71 ALR3d 449.

to produce the testimony of an alibi witness listed in his notice of alibi merely constituted comment on the weakness of defendant's case and were not impermissible.

5. Defendant waived any right he may have had to the presence of an alleged res gestae witness at trial. Manifest injustice will not result from the refusal of the Court of Appeals to consider the substance of defendant's claim or to order the requested remand.

6. There was no error in the admission of testimony by the arresting officer concerning the complainant's identification of defendant as her assailant. In any event, defendant's failure to object to the admission of the testimony did not preserve the issue for appellate review.

7. The record disclosed sufficient evidence to support the jury verdict.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

The determination of the admissibility of impeachment evidence of a criminal defendant's prior conviction of a crime is addressed to the trial court's sound discretion; the court should articulate on the record the factors considered in making its determination (MRE 609[a][2]).

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — EVIDENCE.

Similarity between a prior felony of which a defendant has been convicted and the charged offense is but one of the factors relevant to a determination of the admissibility of impeachment evidence of the defendant's prior conviction.

3. APPEAL — CRIMINAL LAW — EVIDENCE — ALIBI REBUTTAL EVIDENCE — WAIVER — NOTICE OF ALIBI REBUTTAL WITNESSES.

A claim of error, predicated on a trial court's admission of alibi rebuttal evidence to contradict the testimony of a defendant's alibi witness, is waived on appeal where the defendant failed to object to the rebuttal testimony on this ground and failed to object to the prosecutor's failure to file a notice of alibi rebuttal witnesses (MCL 768.20[2]; MSA 28.1043[2]).

4. EVIDENCE — CRIMINAL LAW — REBUTTAL TESTIMONY — IMPEACHMENT OF ALIBI WITNESSES — NOTICE OF REBUTTAL.

The admission of rebuttal testimony offered to impeach a defendant's alibi witness, not to contradict the actual alibi testimony

given, is not prohibited by the statute regarding notice of rebuttal (MCL 768.20[2]; MSA 28.1043[2]).

5. Criminal Law — Prosecutorial Comment — Failure To Produce Alibi Witnesses.

A prosecutor's remarks in his closing comments in a trial concerning the defendant's failure to produce the testimony of an alibi witness listed in his notice of alibi are not impermissible where the remarks merely constitute comment on the weakness of the defendant's case.

6. Appeal — Evidence — Hearsay — Identification Testimony — Preserving Question — Rules of Evidence.

A trial court did not err in admitting testimony in a criminal trial by the arresting officer concerning the complainant's identification of the defendant as her assailant; where the defendant failed to object to the admission of such testimony the issue was not preserved for appellate review (MRE 801[d][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Nancy R. Alberts,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: D. F. Walsh, P.J., and Beasley and T. R. Thomas,* JJ.

Per Curiam. Defendant, Ali Khabar, was convicted of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to a prison term of 10 to 30 years.

Defendant first argues on appeal that the trial court erred in denying his motion to suppress impeachment evidence of his prior conviction of assault with intent to commit armed robbery. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court recognized that the determination of the admissibility of the evidence was a matter addressed to its sound discretion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The court also articulated on the record the factors considered in making its determination. MRE 609(a)(2), as amended. 408 Mich cxv (1980). We have carefully reviewed the court's exercise of its discretion and find no abuse. The court recognized that some prejudice would inure to defendant by reason of the admission of the evidence, but noted both the crucial importance that credibility would play in the case and the theft nature of the prior offense. The court concluded that the probative value of the evidence would outweigh its prejudicial effect. Defendant's suggestion that the similarity between the prior offense and the charged offense mandated exclusion of the evidence is without merit. Similarity is but one of the factors relevant to the determination of the admissibility of such evidence. *People v Woods,* 416 Mich 581, 605; 331 NW2d 707 (1982).

Defendant next claims error in the admission of alibi rebuttal evidence following the prosecutor's failure to file the statutorily prescribed notice of rebuttal. MCL 768.20(2); MSA 28.1043(2). He complains of the admission of this evidence to contradict the testimony of alibi witness Mosley. By failing to object to the rebuttal testimony on this ground, and by failing to object to the prosecutor's failure to file a notice of alibi rebuttal witnesses, defendant waived appellate review of this issue. *People v Hence,* 110 Mich App 154, 172-174; 312 NW2d 191 (1981). In any event, the rebuttal testimony was offered to impeach defendant's alibi witness, not to contradict the actual alibi testimony given; admission of the testimony was,

therefore, not prohibited by MCL 768.20(2); MSA 28.1043(2). *People v Haisha,* 111 Mich App 165; 314 NW2d 465 (1981); *People v Gillman,* 66 Mich App 419; 239 NW2d 396 (1976).

Defendant also challenges the prosecutor's closing comments on defendant's failure to produce the testimony of an alibi witness listed in his notice of alibi. The remarks—which merely constituted comment on the weakness of defendant's case—were not impermissible. *People v Shannon,* 88 Mich App 138, 145; 276 NW2d 546 (1979).

Next, defendant argues that the trial court erred "in not holding that the prosecutor had failed to produce a res gestae witness to the prejudice of defendant". The possible existence of this alleged res gestae witness was revealed to the defense during the preliminary examination testimony of the complainant. Defense counsel questioned the complainant about the alleged witness during trial. He also questioned one police officer about the complainant's testimony, but waived production of another police officer who could conceivably have shed light on the issue of the missing witness. In closing argument, defense counsel focused on the possibility of the complainant's misidentification of her assailant and argued that the alleged missing witness was a res gestae witness who should have been produced. Defense counsel argued that the missing witness "could possibly give a description of the people that assaulted that girl".

Defendant never asked the trial court, by midtrial motion or motion for new trial, for a determination of the status of the alleged missing witness or of the prosecutor's duty to produce him. The defense was aware of the possible existence of this person several months before trial; the record

strongly suggests deliberate defense strategy in failing to file a timely motion for a *Robinson/ Pearson* hearing. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973); *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979). Under the circumstances, we are persuaded that defendant waived any right he may have had to the alleged witness's presence at trial. *People v Ferguson,* 94 Mich App 137; 288 NW2d 587 (1979), *lv den* 409 Mich 949 (1980); *People v Robideau,* 94 Mich App 663; 289 NW2d 846 (1980), *lv gtd* 412 Mich 871 (1981). We find that no manifest injustice will result from our refusal to consider the substance of defendant's claim or to order the requested remand. *People v Buschard,* 109 Mich App 306, 312; 311 NW2d 759 (1981).

Finally, defendant challenges the sufficiency of the evidence supporting his conviction. In this regard, he challenges the admission of testimony by the arresting officer concerning the complainant's identification of defendant as her assailant. We are persuaded that there was no error in the admission of this testimony. MRE 801(d)(1); *People v Sanford,* 402 Mich 460, 497; 265 NW2d 1 (1978) (opinion of Justice Ryan). In any event, there was no objection to the admission of the testimony. The issue has, therefore, not been preserved for appellate review. *People v Mock,* 108 Mich App 384, 387; 310 NW2d 390 (1981). Examination of the record discloses sufficient evidence to support the jury verdict.

Affirmed.