### PEOPLE v. GUNTER

1. CRIMINAL LAW—DUE PROCESS—IDENTIFICATION OF SUSPECT—PHOTOGRAPHS.

   Robbery victim's initial identification of defendant from a group of photographs *held*, not a denial of defendant's constitutional rights if such identification procedure was not so impermissibly suggestive as to give rise to substantial likelihood of irreparable misidentification.

2. SAME—DUE PROCESS—PRIVILEGE AGAINST SELF-INCRIMINATION—POLICE LINEUP.

   The privilege against self-incrimination does not permit a person suspected of crime to refuse to be a part of a police lineup.

3. SAME—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—POLICE LINEUP.

   A person suspected of crime and required to appear at a police lineup is entitled to the assistance of counsel at such lineup conducted after June 12, 1967.

Appeal from St. Clair, Schlee (Stanley C.), J. Submitted Division 2 December 5, 1968, at Lansing. (Docket No. 5,049.) Decided December 19, 1968.

Alfred Gunter was charged with robbery armed and convicted of robbery unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James T. Corden.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[2] 21 Am Jur 2d, Criminal Law § 368.
[3] 21 Am Jur 2d, Criminal Law §§ 309, 313, 368.

Prosecuting Attorney, and *Ronald J. Flanigan,* Assistant Prosecuting Attorney, for the people.

*Ernest F. Oppliger,* for defendant on appeal.

Per Curiam. Defendant was charged with robbery armed and convicted of robbery unarmed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798). On appeal he contends that his constitutional rights to due process of law, to privilege against self-incrimination and to counsel were violated by the procedure employed to identify him prior to the arrest.

The victim's initial identification of defendant was from a group of photographs and involved no practice "so unpermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons* v. *United States* (1968), 390 US 377, 384 (88 S Ct 967, 19 L Ed 2d 1247). Defendant has shown no denial of due process in this regard.

The privilege against self-incrimination does not extend to presence in a police lineup. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). The right of a suspect to be represented by counsel at a police lineup applies only to lineups taking place after June 12, 1967. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199); *People* v. *Wilson* (1967), 8 Mich App 651. Defendant's lineup was before this date.

We have reviewed the lineup procedure followed in this case and find it to have been fair and proper. There was no injustice or denial of due process to defendant in this regard. *Stovall* v. *Denno, supra.* We find no error.

Affirmed.

T. G. Kavanagh, P. J., and Quinn and Miller, JJ., concurred.