PEOPLE *v.* HUGHES

1. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—LINEUP.
   A lineup at which a defendant was identified by the complaining witness was not unduly suggestive so as to deprive him of due process of law because he was the only man in a lineup of five men who had a goatee although her attacker had only a mustache where the witness first observed defendant in a well-lighted area at a distance of only two feet; viewed him at the scene of the crime; the lineup was two weeks later; and she positively identified him at the trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
[2] 53 Am Jur, Trial § 583.
[3] 53 Am Jur, Trial § 637.

2. Criminal Law—Threats Against Witness—Witnesses—Instructions to Jury.

One question by a prosecutor to a defendant in reference to an unidentified caller who threatened the complaining witness was not reversible error where the prosecutor did not mention the defendant or the crime in any way and the trial judge took special pains to instruct the jury to disregard the question.

3. Criminal Law—Witnesses—Attorney and Client—Collusion—Alibi—Instructions to Jury.

Allegations that the prosecution, through innuendoes and in its questioning, created the suspicion that some collusion existed between defense counsel and defense witnesses regarding defendant's alibi are without merit where they are not borne out by the record and the trial court carefully instructed the jury that a defense counsel has a legal right and duty and it is proper for him to talk to all of his witnesses, has a right to serve subpoenas himself, and the jury should draw no inference unfavorable to defendant if this was done.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 May 7, 1970, at Detroit. (Docket No. 7,629.) Decided May 28, 1970.

Julius Hughes was convicted of rape. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Owen J. Galligan*, Assistant Prosecuting Attorney, for the people.

*David Harris*, for defendant.

Before: V. J. Brennan, P. J., and McGregor and Ager,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

McGREGOR, J. Defendant was convicted of rape, CL 1948, § 750.520 (Stat Ann 1954 Rev § 28.788); from this verdict he appeals.

The complaining witness was first accosted at a well-lighted street corner and taken from there to a stairwell in an apartment house, where she was allegedly raped by the defendant. Defendant claims as an alibi that he was present at a friend's house during the commission of the crime.

Defendant contends that the lineup at which he was identified was so unnecessarily suggestive and conducive to irreparable misidentification that he was denied due process of law. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199). The complainant in question first observed the defendant in a well-lighted area, at which time she was only two feet from him. She again viewed him at the scene of the crime.

Two weeks later, the defendant was apprehended and was positively identified by the complainant at a lineup. At trial, the witness again positively identified the defendant. Defendant was among five men in the lineup at which he was identified; although the complainant's attacker had only a mustache, the defendant had a mustache and a goatee.

Defendant asserts that, inasmuch as he was the only person in the lineup with a goatee, the lineup was tainted. This Court fails to follow the defendant's logic. We cannot conclude that, because of the mere fact that the defendant herein had a goatee, the lineup was unduly suggestive so as to deprive him of due process of law.

Defendant asserts that it was error for the prosecution to make reference to an unidentified caller who threatened the complaining witness, although it was not known by the complainant if the threat was in regard to the present defendant, and cites *People*

v. *Hallas* (1932), 257 Mich 127, in support thereof. In *Hallas,* the Court held it to be reversible error when the prosecution repeatedly made references to threats which had been directed to a prosecution eyewitness which ultimately gave the impression that the defendants were part of a dangerous gang who would harm the witness if the defendants were not convicted. In the instant case, there was only one question asked of the defendant witness regarding the call; the prosecution did not mention the defendant or the crime in any way, and the judge took special pains to instruct the jury to disregard this question. We find no reversible error here.

Defendant also contends that the prosecution, through innuendoes and in its questioning, created the suspicion that some collusion existed between defense counsel and defense witnesses regarding the defendant's alibi. Although defendant's allegations are not borne out by the record, the trial court carefully instructed the jury on this issue:

"Now, members of the jury, during the course of this trial there was testimony, as you recall, that Mr. Harris, the defense counsel, had talked to certain witnesses in this case. A defense counsel has a legal right and a duty to talk to all of his witnesses in a case. It is very proper for him to do so. He also has a right to serve subpoenas himself and you should draw no inference unfavorable to the defendant if that was done in this case."

Defendant's final alleged error is without merit.
Conviction affirmed.
All concurred.