PEOPLE v RICHMOND

Docket No. 77-590. Submitted March 7, 1978, at Detroit.—Decided June 19, 1978.

Dorian M. Richmond was convicted of armed robbery, Wayne Circuit Court, Irwin H. Burdick, J. At trial the defendant was identified as the perpetrator of the crime by three employees of the supermarket which had been robbed. The same three witnesses had identified the defendant earlier from a photographic array. The defendant appeals asserting error in that counsel was not present at the photographic identification and in that the in-court identification was tainted by the pretrial procedure. *Held:*

The defendant was not entitled to counsel at the photographic identification showup because it was used only to determine whether or not the defendant was a suspect. The physical differences of the persons depicted in the showup and the use of three different pictures of the defendant did not make the showup impermissibly suggestive. There was a sufficient basis for the in-court identification independent of the photographic procedure.

Affirmed.

1. CRIMINAL LAW—RIGHT TO COUNSEL—PHOTOGRAPHIC SHOWUP—FOCUS OF INVESTIGATION.

A defendant was not entitled to counsel at a photographic identification procedure where the defendant was not in custody and the police investigation had not focused on the defendant at the time.

2. CRIMINAL LAW—PHOTOGRAPHIC SHOWUP—FAIRNESS—SUGGESTIVENESS.

The fairness of a photographic identification procedure is to be evaluated from the totality of the circumstances; the test is the degree of suggestion inherent in the manner of displaying the suspect's photograph to the witness.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[5, 6] 29 Am Jur 2d, Evidence §§ 371–373.

3. CRIMINAL LAW—PHOTOGRAPHIC SHOWUP—PHYSICAL DIFFERENCES—
   SUGGESTIVENESS.

   The showing at a photographic identification procedure of photo-
   graphs of persons with physical differences from a defendant
   cannot be said to constitute impermissible suggestiveness as a
   matter of law.

4. CRIMINAL LAW—PHOTOGRAPHIC SHOWUP—MULTIPLE PICTURES OF
   DEFENDANT—SUGGESTIVENESS.

   It is not impermissibly suggestive to show several different pic-
   tures of a defendant along with pictures of other individuals at
   a photographic identification procedure.

5. CRIMINAL LAW—EVIDENCE—IN-COURT IDENTIFICATION—PRETRIAL
   PHOTOGRAPHIC SHOWUP—INDEPENDENT BASIS—CLEAR AND CON-
   VINCING EVIDENCE.

   A conviction based on an in-court identification which is allegedly
   tainted by a suggestive pretrial photographic identification
   procedure should be reversed unless an independent basis for
   the in-court identification can be shown by clear and convinc-
   ing evidence.

6. CRIMINAL LAW—WITNESSES—IDENTIFICATION—IMPROPER PROCE-
   DURE—INDEPENDENT BASIS.

   The eight factors to be used in determining whether an indepen-
   dent basis exists for an in-court identification of a defendant by
   a witness where the identification is alleged to be tainted by a
   pretrial identification procedure are: (1) prior relationship with
   or knowledge of the defendant, (2) opportunity to observe the
   offense, (3) length of time between offense and disputed identifi-
   cation, (4) accuracy of prior descriptions and actual description,
   (5) previous identification or failure to identify defendant, (6)
   previous identification of another person as defendant, (7) wit-
   ness's emotional condition at time of alleged crime and (8)
   idiosyncratic or special features of defendant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward R. Wilson,* Principal
Attorney, Appeals, and *Nels Olson,* Assistant Pros-
ecuting Attorney, for the people.

Dorian M. Richmond, *in propria persona.*

Before: R. B. Burns, P. J., and Bronson and D. F. Walsh, JJ.

Bronson, J. Defendant was convicted by a jury, on December 9, 1976, of armed robbery, MCL 750.529; MSA 28.797. He was charged with robbing a Dearborn supermarket. Several store employees were present at the time of the robbery. They were shown a photographic array shortly after the robbery and before defendant's arrest. After his arrest, defendant was identified at a lineup by three witnesses. He was also identified at trial by the same witnesses as the robber. Defendant appeals of right, raising three issues relating to the photographic identification.

Defendant first asserts that he should have been represented by counsel at the photo identification, because he was either in custody or the focus of an investigation. See *People v Anderson,* 389 Mich 155; 205 NW2d 461 (1973), *People v Cotton,* 38 Mich App 763; 197 NW2d 90 (1972). See, also, *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977).

The record discloses that defendant was not in custody at the time of the photo identification. Furthermore, police had not yet focused on defendant at that time; both defendant and another individual who was the registered owner of the getaway vehicle were suspects. At that time, nothing other than a link to the vehicle involved in the robbery implicated defendant. The facts of this case indicate that the police did not use the photographic showup in an attempt to build a case against defendant, but were then concerned with either establishing or ruling out defendant as a suspect. See *People v Kachar, supra,* at 89, quoting *People v Cotton, supra.* We conclude that the investigation had not focused on defendant at the

time of the photo identification. Consequently, he was not entitled to counsel at that identification procedure.

Defendant also contends that the photographic identification procedure was impermissibly suggestive in two respects: first, the persons depicted were not all physically similar[1] and, second, of the five to seven photographs displayed, there were as many as three different pictures of defendant.

An identification procedure's fairness is to be evaluated from the totality of the circumstances; the test is the degree of suggestion inherent in the manner of displaying the suspect's photograph to the witness. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974). We cannot say as a matter of law that the physical differences of the depicted persons constituted impermissible suggestion. See *People v Flippo,* 70 Mich App 652; 247 NW2d 321 (1976), *People v Mitchell,* 61 Mich App 153; 232 NW2d 340 (1975). See, generally, Anno: *Admissibility of evidence of photographic identification as affected by allegedly suggestive identification procedures,* 39 ALR3d 1000. Similarly, we do not find that showing different pictures of defendant along with pictures of other individuals was impermissibly suggestive, although a better procedure would have been to show a smaller proportion of pictures of defendant by increasing the total number of photographs shown. See *Simmons v United States,* 390 US 377; 88 S Ct 967; 19 L Ed 2d 1247 (1968).[2]

---

[1] In particular, defendant contends that the photographs depicted persons with different complexions, that some of those pictured had facial hair while defendant was clean shaven and that the pictures were not all of the same size.

[2] In *Simmons,* the Court held that a photo identification procedure by which police displayed at least six group pictures in which the suspect was part of several groups did not irreparably taint the subsequent identification at trial. The Court did note that it would have been preferable to show a greater number of photos and propor-

We therefore find that the photographic array was not impermissibly suggestive. However, even assuming it was suggestive, reversal is not automatically required.

A conviction based on an in-court identification[3] which is allegedly tainted by a suggestive pretrial photographic identification must be reversed unless an independent basis for the in-court identification can be shown by clear and convincing evidence. *Manson v Brathwaite,* 432 US 98; 97 S Ct 2243; 53 L Ed 2d 140 (1977), *Simmons v United States, supra, People v Kachar, supra.*

*Kachar* listed eight factors to be used in determining whether an independent basis exists. Applying these factors to the three employees who identified defendant, we find a sufficient basis for identification independent of the photographic procedure:

1. *Prior relationship with or knowledge of the defendant.* There is no evidence that the witnesses saw defendant before the evening of the robbery.

2. *Opportunity to observe the offense.* The manager saw the robber for five to ten minutes in the office during the course of the robbery. The office was apparently well lighted. The cashier saw defendant for approximately 25 seconds at a distance of 30 feet. The stock boy who made the identification watched the man for about five minutes.

3. *Length of time between offense and disputed identification.* The manager made the photo identification the day after the robbery. The cashier and the stock boy made the identification approximately five days after the robbery.

tionally fewer pictures of the suspect. *Simmons v United States, supra,* at 385–386, n 6.

[3] *Manson v Brathwaite, supra,* held that the same test applies to both in-court identifications and evidence of out-of-court identifications. *Id.* at, at 106–107, n 9.

4. *Accuracy of prior descriptions and actual description.* The detailed prior descriptions by the manager and the stock boy corresponded closely to defendant's description. The cashier's description, while less detailed, was also similar to defendant's actual description.

5. *Previous identification or failure to identify defendant.* The photographic identification was the first identification made. Subsequently, defendant was identified positively at a lineup by all three witnesses.

6. *Previous identification of another person as defendant.* None.

7. *Witness's emotional condition at time of alleged crime.* There is nothing in the record regarding the emotional condition of the cashier and stock boy. However, the manager was described as being scared.

8. *Idiosyncratic or special features of defendant.* The robber's black purse drew attention to him on the evening of the robbery; however, there were apparently no distinguishing physical features of either the robber or defendant.

As each witness had an independent basis for identifying defendant, we cannot say that there was "a very substantial likelihood of irreparable misidentification". *Manson v Brathwaite, supra,* at 105, n 8, quoting *Simmons v United States, supra,* at 384.

Affirmed.