PEOPLE v BARNES

Docket No. 50742. Submitted April 7, 1981, at Lansing.—Decided May 27, 1981. Leave to appeal applied for.

Clarence Barnes was convicted by a jury in Detroit Recorder's Court of armed robbery and was sentenced, George W. Crockett, Jr., J. Defendant appeals, contending that the identification lineup was unduly suggestive and that evidence of the lineup as well as the subsequent in-court identification of defendant by the victim should have been excluded, that he was denied effective assistance of counsel at the lineup and that the evidence was insufficient to support a guilty verdict. *Held:*

1. Looking at the totality of the circumstances, it cannot be said that the lineup was impermissibly suggestive. Furthermore, even if the lineup had been impermissibly suggestive, the in-court identification of defendant was nonetheless admissible because it had an independent basis.

2. Defendant's contention that he was denied effective assistance of counsel at the lineup is without merit since the lineup has been found to have been properly conducted.

3. Sufficiency of evidence claims are reviewed by considering the evidence in a light most favorable to the prosecution. Because there was competent evidence, either direct or circumstantial, introduced by the prosecutor as to each element of the crime charged, there was no error in the finding that the evidence was sufficient to support defendant's conviction.

Affirmed.

1. CRIMINAL LAW — LINEUPS — SUGGESTIVENESS.

A defendant has the burden of factually supporting his claim that

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6] 21A Am Jur 2d, Criminal Law §§ 802, 803, 974.

Admissibility of evidence of lineup identification as affected by allegedly suggestive lineup procedures. 39 ALR3d 487.

[5] 29 Am Jur 2d, Evidence §§ 371, 371.4.

[7] 5 Am Jur 2d, Appeal and Error § 883.

30 Am Jur 2d, Evidence §§ 1124-1162.

[8] 30 Am Jur 2d, Evidence §§ 1125, 1172.

a lineup was impermissibly suggestive where counsel was present at the lineup.

2. CRIMINAL LAW — LINEUPS — SUGGESTIVENESS.

Whether a lineup is unduly suggestive depends on the totality of the circumstances surrounding the procedure.

3. CRIMINAL LAW — LINEUPS — WORDS AND PHRASES — SUGGESTIVENESS.

A lineup must be so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification in order to be unduly suggestive.

4. CRIMINAL LAW — LINEUPS.

Physical differences between a suspect and other lineup participants do not in and of themselves constitute impermissible suggestiveness.

5. CRIMINAL LAW — IDENTIFICATIONS.

An in-court identification of a defendant by an eyewitness who has participated in an improper pretrial identification procedure is admissible if it can be shown by clear and convincing evidence that the in-court identification was made on some basis other than the improper pretrial procedure.

6. CRIMINAL LAW — LINEUPS — EFFECTIVE ASSISTANCE OF COUNSEL.

A defendant has not been denied effective assistance of counsel at a lineup where there was no serious error committed but for which defendant might not have been convicted and there is no reason to believe that lineup counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect the defendant's interests.

7. CRIMINAL LAW — EVIDENCE.

Sufficiency of the evidence claims are reviewed by considering the evidence in a light most favorable to the prosecution.

8. EVIDENCE — CRIMINAL LAW.

The prosecutor must introduce some competent direct or circumstantial evidence as to each element of the crime charged to support a finding of guilt beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.,* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On December 19, 1979, defendant was convicted by a Detroit Recorder's Court jury of armed robbery, MCL 750.529; MSA 28.797. He was sentenced to 10 to 15 years in prison and now appeals as of right.

On July 23, 1979, two men robbed complainant, Gus Adams, at gunpoint. They took his wallet, automobile, a quantity of cash and 25 to 30 Bob-Lo tickets. Although the confrontation took less than two minutes and the men wore bandanas over the lower portions of their faces, there was still daylight present and Adams obtained a good look at defendant.

Adams immediately contacted the police and described his assailants. One of the men was reported to be a black male in his twenties, 5' 5" to 5' 7", 130 pounds, of medium complexion with a short black Afro and wearing a dark blue T-shirt and a blue bandana over his mouth. Defendant is 27 years old, 5' 4" and 119 pounds.

Adams identified defendant at a police lineup on August 6, 1979. Prior to the lineup, Adams was informed that the police had apprehended two men selling Bob-Lo tickets. Of the eight men in the lineup, six were over 5' 7" and four were over 5' 11". The one other participant in the lineup who was the same height as defendant was ten years younger and weighed 140 pounds. Adams initially selected defendant and the second short man, but later narrowed his selection down to defendant.

Adams identified defendant first by observing his face uncovered and identifying his eyes, cheekbones and build, then with his face covered, and, finally, by hearing defendant's voice. Substitute lineup counsel was present during the lineup process. Adams also made an in-court identification of defendant. He testified that he remembered defendant by his high cheekbones, piercing eyes, broad shoulders and big arms. No objection was made to the identification testimony. Defendant presented alibi witnesses who stated that he was helping his sister move at the time of the robbery.

In the first of three issues on appeal, defendant argues that the lineup procedure was unduly suggestive and that evidence of the lineup, as well as Adams' in-court identification, should have been excluded. Because defense counsel was present at the lineup, defendant bears the burden of showing any impropriety. *People v Horton,* 98 Mich App 62, 68; 296 NW2d 184 (1980). Here, defendant points to the physical differences between himself and the other lineup participants and to the fact that Adams was made aware beforehand that the suspects had been arrested selling Bob-Lo tickets.

Whether a lineup is unduly suggestive depends on the totality of the circumstances surrounding the procedure. *Foster v California,* 394 US 440; 89 S Ct 1127; 22 L Ed 2d 402 (1969). It must be evident that the procedure " 'was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' ". *People v Lee,* 391 Mich 618, 626; 218 NW2d 655 (1974), *Simmons v United States,* 390 US 377, 384; 88 S Ct 967; 19 L Ed 2d 1247 (1968).

Physical differences between a suspect and other lineup participants do not in and of themselves constitute impermissible suggestiveness. *People v*

*Richmond,* 84 Mich App 178, 181; 269 NW2d 521 (1978).

"Lineups are conducted in police stations, and the persons who participate in the lineup are taken from those who are being held in custody. It would be unusual indeed if the police had five persons with similar physical characteristics locked up in the same jail. Moreover, the purpose of a lineup is identification. If the defendant is the tallest man in the lineup, and if he believes that this impairs the validity of the identification, he should see that the jury is apprised of that fact. This is a question of the weight to be given the lineup identification, not its admissibility. It presents no basis for a new trial." *People v Lloyd,* 5 Mich App 717, 724-725; 147 NW2d 740 (1967).

Here, the fact that defendant was among the two shortest persons in the lineup was not so unduly suggestive as to have prejudiced defendant.

Likewise, the fact that Adams was informed that suspects would be present in the lineup is not prejudicial. Whenever a witness is called in for a lineup procedure the obvious inference for that witness to draw is that the police have detained suspects. If, as defendant argues, Adams had felt compelled to select someone from the lineup, he would have identified two men as his assailants. Instead, he selected only defendant. Looking to the totality of circumstances we cannot say that the lineup was impermissibly suggestive.

Assuming, *arguendo,* that the lineup was suggestive, Adams' in-court identification of defendant was nonetheless admissible if independently based. *People v Kachar,* 400 Mich 78, 95-96; 252 NW2d 807 (1977). Application of the eight-factor test of *Kachar* to the instant case reveals that such an independent basis existed.

Adams had a good opportunity to observe his

assailants. Although the incident took less than two minutes, the observations were made in good light and at a relatively close range. There was little discrepancy between Adams' initial description and defendant's actual physical makeup. While under the circumstances Adams could have been expected to have been in a highly emotional state, there was no indication that his abilities were impaired. In point of fact, Adams took note of a number of special features of defendant, in particular, his high cheekbones, upper physique, and piercing eyes that Adams said he would never forget. Adams correctly identified defendant at the only other opportunity to do so and he never identified another as that assailant. His in-court identification was properly admitted.

Defendant's second argument on appeal is that he was denied effective assistance of counsel at the lineup, as evidenced by the fact that it was unduly suggestive. Because we conclude that the lineup was properly conducted, we find defendant's contention to be without merit. We cannot say that lineup counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect defendant's interests. Further, lineup counsel did not commit a serious error but for which defendant might not have been convicted. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976), *People v Degraffenreid,* 19 Mich App 702, 716; 173 NW2d 317 (1969).

Defendant's final claim is that the evidence was insufficient to support a guilty verdict. He contends that the testimony of the alibi witnesses raised a reasonable doubt in light of the nature of the identification testimony and the lack of other evidence to connect him to the robbery.

Sufficiency of the evidence claims are reviewed by considering the evidence in a light most favorable to the prosecution. The prosecutor must introduce some competent direct or circumstantial evidence as to each element of the crime charged to support a finding of guilt beyond a reasonable doubt. *People v Gibson,* 94 Mich App 172, 178; 288 NW2d 366 (1979). Our review of the record convinces us that such evidence was presented.

Defendant directs his argument to the sufficiency of the evidence connecting him to the crime. However, the testimony of complainant Adams presented direct evidence of defendant's participation in the crime. The fact that defendant was arrested with a quantity of Bob-Lo tickets also provided some circumstantial proof of his involvement. The jury was free to believe or disbelieve defendant's alibi witnesses. We find no error.

Affirmed.