PEOPLE v BENSON

Docket No. 101031. Submitted November 3, 1988, at Lansing. Decided March 10, 1989.

Charles J. Benson was convicted of armed robbery following a jury trial in the Recorder's Court for the City of Detroit. The trial court, Michael J. Talbot, J., sentenced defendant to from one hundred to two hundred years in prison. Defendant appealed.

The Court of Appeals *held:*

1. The trial court granted defendant's request to instruct the jury on unarmed robbery. Defense counsel's failure to object to the subsequent omission to give such instruction precludes appellate review unless a miscarriage of justice resulted. No miscarriage of justice occurred in this case.

2. The sentencing court did not abuse its discretion in imposing the sentence on defendant. The sentence does not shock the judicial conscience of the Court of Appeals.

3. Under the circumstances of this case, where defendant refused to cooperate in a lineup despite having counsel present and despite police efforts to conduct a sit-down lineup because of defendant's complaint that he was much taller than the other lineup participants, it was not error requiring reversal for the trial court to permit testimony of defendant's refusal to participate in a lineup.

4. The jury was properly instructed. The trial court did not err in refusing to give the jury defendant's theory of the case which was not supported by the evidence and was argumentative.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL — PRESERVING QUESTION.

Appellate review of a trial court's inadvertent omission to give an

, REFERENCES

Am Jur 2d, Appeal and Error §§ 545, 891; Criminal Law §§ 538, 649, 716, 803, 952.

Admissibiity of evidence of lineup identification as affected by allegedly suggestive lineup procedures. 39 ALR3d 487.

instruction on unarmed robbery requested by counsel for a defendant charged with armed robbery is precluded where defense counsel failed to object to such omission unless a miscarriage of justice resulted (MCR 2.516[C]).

2. CRIMINAL LAW — FIFTH AMENDMENT — LINEUPS — DEFENDANT'S REFUSAL TO APPEAR.

The Fifth Amendment is not implicated by a defendant's appearance in a lineup; a defendant's right against self-incrimination is not violated by the admission of evidence of defendant's refusal to appear in a lineup (US Const, Am V).

3. CRIMINAL LAW — LINEUPS.

Physical differences between a suspect and other lineup participants do not in and of themselves constitute impermissible suggestiveness.

4. CRIMINAL LAW — LINEUPS — SUGGESTIVENESS — BURDEN OF PROOF.

A defendant has the burden of factually supporting his claim that a lineup was impermissibly suggestive where counsel was present at the lineup.

5. CRIMINAL LAW — JURY INSTRUCTIONS — THEORY OF THE CASE.

A trial court generally is required to give instructions on the theories of the parties if they are requested and supported by some evidence (MCR 2.516[B][3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Janice M. Joyce-Bartee,* Assistant Prosecuting Attorney, for the people.

*Charles T. Burke,* for defendant.

Before: SAWYER, P.J., and BEASLEY and A. L. GILBERT,* JJ.

PER CURIAM. Defendant, Charles Jerome Benson, was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. Defendant was sen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tenced to serve not less than one hundred nor more than two hundred years in prison. Defendant appeals as of right, raising four issues.

First, defendant claims that the trial court committed error in refusing to instruct the jury on unarmed robbery. At the close of proofs, but prior to final arguments, defense counsel requested the court to instruct the jury on the lesser included offense of unarmed robbery. The following exchange occurred:

> *The Court:* What do you want, Mr. Courtney?
> *Mr. Courtney:* I'd like robbery not armed.
> *The Court:* How?
> *Mr. Courtney:* If the jury—the testimony, I think, varies significantly from one point to another. That the individual behind him had a gun that he passed to Mr. Benson is what he said here. Then at the exam he said . . .
> *The Court:* Wait a minute.
> *Mr. Courtney:* At the preliminary examination.
> *The Court:* That's not substantive evidence that can be used at trial.
> *Mr. Courtney:* I think I impeached him to the point that the jury can reasonably believe that Mr. Benson did not have a weapon at the time of the robbery, and consequently I request robbery not armed.
> *The Court:* Maybe the felony firearm count is not a problem. It does become a question of fact, doesn't it?
> *Mr. Courtney:* That's true.
> *The Court:* Anything else?

Whereupon defense counsel requested a jury instruction regarding the effect of conflicting testimony, which the trial judge declined to give.

Defendant argues that, pursuant to the above colloquy, the trial court denied defendant's request. The prosecution argues that the trial court

did not deny the request but, in fact, implied concurrence with defendant in giving the instruction.

If the trial court in fact denied defendant's request, then, pursuant to *People v Garrett*,[1] defendant has a point. On the other hand, if the trial court had intended to give the instruction on unarmed robbery as requested by defense counsel and inadvertently neglected to do so, then defense counsel's failure to object to its omission precludes appellate review unless a miscarriage of justice resulted.[2] As a matter of fact, defense counsel did not object to the omission of the unarmed robbery instruction. In fact, when later asked if he was satisfied with the instructions, defense counsel responded, "Yes, sir."

Review of the conversation between defense counsel and the court leads us to agree with the prosecutor that the court granted defense counsel's request to instruct the jury on unarmed robbery. The court did not clearly deny the requested instruction, as it did in regard to defendant's only other instruction request. Instead, the court agreed that it became a question of fact. That defense counsel also believed his request was granted is evidenced by the fact that when the judge asked if there was anything else, counsel requested an additional instruction and did not resume his argument in favor of an unarmed robbery instruction. Thus, absent manifest injustice, we believe we are precluded from reviewing the failure to give the unarmed robbery instruction.[3] No miscar-

[1] 161 Mich App 649; 411 NW2d 812 (1987), lv den 430 Mich 856 (1988).

[2] MCR 2.516(C); *People v Lipps*, 167 Mich App 99, 105; 421 NW2d 586 (1988); *People v Burgess*, 153 Mich App 715, 726; 396 NW2d 814 (1986), lv den 428 Mich 868 (1987).

[3] See 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.516, comment 5, illustrations 1-3, p 262.

riage of justice occurred in the instant case.

Second, defendant claims that the sentence of the trial court is excessive and should shock the judicial conscience. In this case, the sentence exceeds the recommended guidelines. The trial court did state its reasons for departing from the recommended guidelines. Moreover, the court stated: "The guidelines are not applicable. Your client is being sentenced as habitual." In view of the reasons set forth in the record, all of which are appropriate objectives for a court to consider when imposing a sentence, we do not believe the sentencing court abused its discretion in imposing sentence. While we doubt that we would have imposed this sentence, our judicial conscience is not shocked.[4]

Third, defendant claims that the trial court committed error in permitting a police officer to testify, over objection, that defendant refused to attend a lineup. Following complainant's testimony, defendant moved to preclude the use of evidence of his own refusal to participate in the lineup in the prosecutor's case in chief. The trial court denied the motion. Subsequently, the prosecution called the police officer who testified that defendant refused to cooperate in the lineup.

A suspect has a right to be represented by counsel at a police lineup, but is not entitled to assert the privilege against self-incrimination.[5] The Fifth Amendment[6] is not implicated by appearance in a lineup; thus, evidence of the refusal to appear in the lineup did not violate defendant's right against self-incrimination.[7] In *People v Barnes*,[8] we

---

[4] *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

[5] *People v Gunter,* 14 Mich App 758, 759; 166 NW2d 33 (1968).

[6] US Const, Am V.

[7] *O'Brien v Wainwright,* 738 F2d 1139, 1143 (CA 11, 1984).

[8] 107 Mich App 386, 389-390; 310 NW2d 5 (1981), lv den 413 Mich 867 (1982).

stated that physical differences between a suspect and other lineup participants do not, in and of themselves, constitute impermissible suggestiveness, noting:

> "Lineups are conducted in police stations, and the persons who participate in the lineup are taken from those who are being held in custody. It would be unusual indeed if the police had five persons with similar physical characteristics locked up in the same jail. Moreover, the purpose of a lineup is identification. If the defendant is the tallest man in the lineup, and if he believes that this impairs the validity of the identification, he should see that the jury is apprised of that fact. This is a question of the weight to be given the lineup identification, not its admissibility. It presents no basis for a new trial." *People v Lloyd,* 5 Mich App 717, 724-725; 147 NW2d 740 (1967).

The burden rests with the defendant to factually support a claim that a lineup was impermissibly suggestive when counsel was present.[9] There is no authority requiring the police to make endless efforts to attempt to arrange a lineup.[10]

In the within case, complainant went to the police station to view a lineup. Defendant complained that he was much taller than the other lineup participants and refused to attend a stand-up or sit-down lineup and, instead, asked to be transported to the county jail for a lineup. Defendant refused to cooperate in a lineup despite having counsel present and despite police efforts to conduct a sit-down lineup to make the lineup fair under the circumstances. Under these circumstances, we do not believe it was error requiring

[9] *People v Horton,* 98 Mich App 62, 68; 296 NW2d 184 (1980).

[10] *People v Melvin Davis,* 146 Mich App 537, 547; 381 NW2d 759 (1985).

reversal for the trial court to permit testimony of defendant's refusal to participate in a police lineup.

Fourth, defendant claims that the trial court committed error in refusing to give his theory of the case to the jury. MCR 2.516(B)(3) stated in part at times relevant to this appeal:

> (3) After the arguments are completed, the court shall instruct the jury on the applicable law, the issues presented by the case, and, if a party requests as provided in subrule (A)(2), that party's theory of the case.

In general, a trial judge is required to give instructions on the theories of the parties if they are requested and supported by some evidence.[11] In the within case, the trial judge reviewed defendant's theory and declined to read it, saying he found it to be argumentative and not supported by the evidence. We are inclined to agree. Defendant's proposed theory does not appear to be supported by the evidence, and it is argumentative. We do not find error in the trial court's declining to read defendant's theory to the jury. Furthermore, the jury instructions, as a whole, fairly presented the issues to be tried and sufficiently protected the rights of defendant. The court instructed the jury to judge the credibility of witnesses, including complainant. The court informed the jury regarding defendant's claim of an alibi. Also, the court cautioned the jury to consider a witness' identification testimony carefully, since identification of defendant as a perpetrator of the crime was at issue.[12]

Affirmed.

---

[11] *People v Walker,* 167 Mich App 377, 380-381; 422 NW2d 8 (1988), lv den 431 Mich 882 (1988).

[12] *Burgess, supra,* p 726.