# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ERNEST MEQUEL GRAHAM,

Defendant-Appellant.

UNPUBLISHED
May 10, 2018

No. 335609
Wayne Circuit Court
LC No. 15-008121-01-FC

Before: CAVANAGH, P.J., and STEPHENS and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions on five counts of armed robbery, MCL 750.529, possession of a firearm by a person convicted of a felony (felon in possession of a firearm), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) (third offense), MCL 750.227b. We affirm.

In August 2015, defendant robbed at gunpoint five men in the parking lot of a Coney Island restaurant in Detroit. Two of the victims later picked defendant out of a pretrial lineup and were certain that defendant was the armed robber.

Defendant argues that the trial court erred in failing to suppress the identification evidence resulting from the pretrial lineup. He contends that the pretrial lineup was unduly suggestive because he was the only man in his forties and was nine years older than the next oldest man. We disagree.

We review a trial court's decision to admit identification evidence using the clear error standard. *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993). Clear error is present if we are "left with the definite and firm conviction that a mistake has been made." *Id*. Questions of law related to a motion to suppress are reviewed de novo. *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013).

An unduly suggestive identification is one that is so unreliable that it renders a trial unfair, denying the defendant due process. *People v Gray*, 457 Mich 107, 122 n 18; 577 NW2d 92 (1998) (citation omitted). The defendant must show "that the pretrial identification procedure was so suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification." *Kurylczyk*, 443 Mich at 302. Generally, "physical differences between a suspect and other lineup participants do not, in and of themselves, constitute impermissible

-1-

suggestiveness[.]" *People v Benson*, 180 Mich App 433, 438; 447 NW2d 755 (1989), rev'd in part on other grounds 434 Mich 903 (1990). Physical differences amongst those in a lineup

> are significant only to the extent they are apparent to the witness and substantially distinguish defendant from the other participants in the line-up . . . . It is then that there exists a substantial likelihood that the differences among line-up participants, rather than recognition of defendant, was the basis of the witness'[s] identification. [*People v James*, 184 Mich App 457, 466; 458 NW2d 911 (1990), vacated on other grounds 437 Mich 988 (1991).]

Defendant argues that the lineup was impermissibly suggestive because he was the oldest man present. Defendant was 43 years old, whereas the other men in the lineup ranged from 20 to 34 years old. However, physical differences do not alone constitute impermissible suggestiveness. See *Benson*, 180 Mich App at 438. There is a line of cases from this Court finding that a lineup is not unduly suggestive only because a defendant had a unique physical feature that others in the array did not share.[1] Following that line of cases, the lineup was not unduly suggestive solely because defendant was the oldest individual therein.

The other men in the lineup looked substantially similar to defendant. They were of similar height, weight, and hair style. They were all the same race. The police even had defendant change out of his "beater" into a t-shirt so that he would be dressed similarly to the others. Based on the photographs of the men in the array, defendant did not look significantly different than any of the other men. Additionally none of the victims testified that defendant stood out because of any sort of physical difference. Rather, Jemelle Jones, one of the victims, simply testified that some of the men in the lineup were of various heights and various skin tones. Because physical differences are significant only to the extent that they are apparent to witnesses and substantially distinguish a defendant from others in a lineup, the age difference in this case is not significant. See *James*, 184 Mich App at 466. There is no substantial likelihood that defendant's age, rather than genuine recognition, caused victims Jemelle and Joseph Meeks to identify defendant as the man who robbed them. See *id*.

As the trial court noted, the variety of ages displayed at the lineup was reasonable. The ages of the other men in the array ranged from 20 to mid-30s. While Deericka Paramore and Jamal Jones had described the perpetrator as late 30s or early 40s, Meeks and Jemelle provided no age range in their descriptions of the perpetrator. In light of the victims' variety of descriptions, having younger men at the lineup was acceptable.

---

[1] See *People v Holmes*, 132 Mich App 730, 746; 349 NW2d 230 (1984) (finding that the lineup was not impermissibly suggestive when the defendant was the heaviest and second tallest of array); *People v Horton*, 98 Mich App 62, 67-68; 296 NW2d 184 (1980) (finding that the lineup was not impermissibly suggestive when there were age and height differences between the defendant and the others, and the defendant was the only individual with facial scarring); *People v Hughes*, 24 Mich App 223, 225; 180 NW2d 66 (1970) (finding that the lineup was not impermissibly suggestive when the defendant was the only individual with both a mustache and a goatee).

Defendant also notes that, whereas there is normally video or photographic evidence of the lineup, there is neither in this case. Two cameras at the police station were inoperable at the time. However, while the lack of photographic evidence may lend to some vague suspicion, there is no evidence of police misconduct at the lineup. All of the victims were asked various questions about police misconduct, i.e., whether the police told them to choose a certain person. None of the victims reported any questionable conduct. Accordingly, the trial court did not clearly err in failing to suppress the identification evidence resulting from the pretrial lineup.

Next, defendant argues that his trial counsel was ineffective because, though he interviewed multiple potential alibi witnesses, he chose not to call any to testify at trial. We disagree. Because defendant did not move in the trial court for a new trial or an evidentiary hearing, our review is for errors apparent on the record. See *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013).

To establish a claim of ineffective assistance of counsel, a defendant must show both that his counsel's performance was objectively unreasonable in light of prevailing professional norms, and that defendant was prejudiced as a result of his counsel's inadequate performance. *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014), citing *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). A defendant is prejudiced if there is a reasonable probability that, but for his counsel's performance, the proceedings would have rendered a different result. *People v Gaines*, 306 Mich App 289, 300; 856 NW2d 222 (2014).

The defendant bears a heavy burden to show that the assistance afforded him was ineffective. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012). Part of this burden is establishing a factual predicate for the claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). And the defendant must overcome a strong presumption that counsel's actions were based on reasonable trial strategy. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

In this case, defendant has failed to establish that his trial counsel's performance fell below an objective standard of reasonableness. According to the lower court record, defense counsel did not call any alibi witnesses and defendant's mother was unwilling to speak with the officer-in-charge. Defendant's mother's unwillingness to speak to the officer-in-charge supports defense counsel's choice not to call her to testify. And there is no insight from the lower court record as to why counsel chose not to call other witnesses. Whether to call a witness to testify is presumed to be a matter of trial strategy. *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). There are many reasons why defense counsel may have chosen not to call defendant's "potential" alibi witnesses and there is no evidence in the trial court record to overcome the strong presumption that defense counsel's actions were the result of sound trial strategy. See *Cline*, 276 Mich App at 637.

Further, based on the evidence in the trial court record, defendant cannot establish that he was prejudiced by defense counsel's actions. Failing to call a witness constitutes ineffective assistance of counsel only if it deprived the defendant of a substantial defense. *Dixon*, 263 Mich App at 398. A substantial defense is one that might have changed the trial outcome. *In re Ayres*,

239 Mich App 8, 22; 608 NW2d 132 (1999). Even had defense counsel called one or more alibi witnesses, there is no evidence to suggest that the testimony they offered would be enough to overcome the evidence against defendant, including the eyewitness identifications, the connection between the minivan in which defendant was a passenger and multiple armed robberies, and defendant's attempted flight from the police. See *People v Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Brock A. Swartzle